IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO GONZALES, | 1:11-cv-01644 BAM (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR ACCESS TO CASE LAW WITHIN THE PRISON LAW LIBRARY |
| vs. | |
| BRENDA M. CASH, | (DOCUMENT 16) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

On January 3, 2012, Petitioner filed a motion for a court order instructing the prison law library to grant him access to current Ninth Circuit case law.   Petitioner contends the prison law library does not carry Daily Journals containing updated Ninth Circuit case law.

First, this Court lacks jurisdiction by way of habeas corpus proceedings to grant the relief Petitioner requests.  A federal court is a court of limited jurisdiction.  As a preliminary matter, the Court must have a "case" or "controversy" before it.  Flast v. Cohen, 392 U.S. 83, 88 (1968).  Absent a case or controversy, this Court cannot hear the matter.  Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).  In the instant petition, Petitioner challenges the constitutionality of his state court conviction.  Thus, the "case" or "controversy" over which

1  this Court has habeas jurisdiction is limited to the challenges set forth in the petition.[1]

2        Second, Petitioner's challenge is more properly addressed in a complaint pursuant to 42
3  U.S.C. § 1983.  A habeas corpus petition is the correct method for a prisoner to challenge the
4  "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991),
5  *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1
6  of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42
7  U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that
8  confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499;
9  Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section
10 2254 Cases.

11       Based on foregoing, it is HEREBY ORDERED that Petitioner's motion for a court
12 order allowing access to certain case law within the prison law library is DENIED.

13     IT IS SO ORDERED.

14 **Dated:   January 25, 2012**                        **/s/ Barbara A. McAuliffe**
                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is advised that this Court is bound to follow and apply any binding case authority that may be applicable to his habeas corpus petition.