# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO GONZALES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRENDA M. CASH,<br><br>　　　　　Respondent.<br>_____/ | 1:11-cv-01644-BAM (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF COURT'S JANUARY 25, 2012,, ORDER<br><br>[Doc. 21] |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

　　　　Now pending before the Court is Petitioner's "Objection to Magistrate Judge Ruling Denying Access to Case Law in the Prison Law Library."

　　　　Petitioner continues to argue that the prison law library does not have access to current Nexis, Westlaw, or unpublished decisions; nor does the library contain current rulings from the Ninth Circuit or district courts. Petitioner argues he cannot respond to the Attorney General's response without access to current case laws.

　　　　Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for

a new trial under Rule 59(b) ; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id. Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

First, the Court notes that Petitioner filed a traverse on January 24, 2012 and cites numerous cases, as current as 2010. ECF No. 18. Thus, Petitioner's contention that he does not access to current case law is belied by the record in this case. Second, Petitioner fails to identify what specific case or cases that he does not have access to and requires access. Third, although prisoners have a constitutional right to access to the courts protected by the Fourteenth Amendment, the prisoner must demonstrate that (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. Lewis v. Casey, 518 U.S. 343, 353-355 (1996). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Id. The inmate must show that the library "hindered his efforts to pursue a legal claim." Id. An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348. The access to the courts only applies to pleadings and complaints. See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (holding the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action). Petitioner has not demonstrated that he has suffered or will suffer actual injury. Petitioner has filed his traverse and cited several case law rulings in support of his arguments. Moreover, Petitioner is beyond the pleading stage of this case, and the filing of a traverse to Respondent's answer is permissive. See Rule 5 of the Rules Governing § 2254 Cases. Accordingly,

Petitioner's motion for reconsideration of the Court's January 25, 2012, order denying access to case law within the prison law library is DENIED. The Court will issue a ruling on the merits of the petition in due course.

IT IS SO ORDERED.

Dated:   **February 28, 2012**              /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE